IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-05221-RTG

JANE DOE,

Plaintiff,

v.

TELLER COUNTY BOARD OF COUNTY COMMISSIONERS,
JASON MIKESELL, Sheriff of Teller County, in his individual and official capacities,
JESSE WEATHERILL, Deputy, in his individual capacity,
KYLE PERKINS, Deputy, in his individual capacity,
SANTIAGO MARQUEZ, Deputy, in his individual capacity,
UC HEALTH PIKES PEAK REGIONAL HOSPITAL, doing business as UC Health Woodland Park,
KARIE, ER Charge Nurse, in her individual capacity,
JANE DOE, ER Nurse, in her individual capacity,
RYAN DOE, Security Guard, in his individual capacity,
JANE DOE, Security Guard, in his individual capacity,

Defendants.

---

ORDER

---

Plaintiff, who identifies herself under the pseudonym Jane Doe, initiated this action *pro se* on October 14, 2026 (ECF No. 1) and on October 20, 2026, she filed a Complaint (ECF No. 8), which is the operative pleading in the action. She has also filed several motions. She has paid the filing fee.

The Court must construe Plaintiff's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons set forth below, the

Court will order Plaintiff to file an amended Complaint, and will deny the pending motions.

## I. Order to Amend

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, and the Emergency Treatment and Active Labor Act. She asserts seven claims for relief. The allegations in the 28-page, single-spaced Complaint are vague and unclear. Plaintiff's claims appear to center on an alleged incident on June 28, 2023, when she was escorted out of UC Health Pikes Peak Regional Hospital by hospital staff, became involved in a confrontation with Teller County law enforcement officers outside the hospital, and ultimately was ordered to leave the premises. However, she also discusses at length other matters which may or may not be directly related to the incident, such as her medical and psychiatric history and treatment, a political campaign, content on YouTube, and alleged manipulation of "public tracking databases." Her allegations are verbose, confusing, and difficult to follow.

The Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to provide a short and plain statement of Plaintiff's claims

showing she is entitled to relief. To start, Plaintiff has improperly altered the court-approved Complaint form by adding a lengthy, confusing, general “Statement of Facts” section which is unclear as to which alleged facts are intended to support which specific claims. Plaintiff shall not alter the court-approved form. Further, Plaintiff’s allegations are entirely too verbose, confusing, and repetitive. It is Plaintiff’s responsibility to present her claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. The Court does not require a long, chronological recitation of facts. Nor should the Court or a defendant be required to sift through Plaintiff’s verbose allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and “the court cannot take on the responsibility of serving as the litigant’s attorney in constructing arguments and searching the record.” *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For each claim Plaintiff asserts in the Complaint, she must explain, <u>simply</u> and <u>concisely</u>, “what each defendant did to him or her; when the defendant did it; how the defendant’s action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Tangential, unrelated, or unnecessary background information should be omitted. The amended Complaint must be single-spaced, *see* D.C.COLO.LCivR 10.1(e), and may not exceed thirty pages in length. All supporting facts for each separate claim must be stated under the claim heading, as indicated on the Complaint form.

## II. Pending Motions

### A. Motion to Proceed Under Pseudonym

Plaintiff has also filed a Motion to Proceed Under Pseudonym (ECF No. 2). "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotations omitted). "'Lawsuits are public events' and 'there is no legal right in parties . . . to be allowed anonymity.'" *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). "Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side." *Id*. *See also* Fed. R. Civ. P. 17(a)(1) (providing that "[a]n action must be prosecuted in the name of the real party in interest."). No court rule or statute permits pseudonymous pleading. *Luo,* 71 F.4th at 1296 (citing *Femedeer*, 227 F.3d at 1246).

Nonetheless, the Tenth Circuit Court of Appeals has recognized that in "exceptional circumstances" the need for anonymity outweighs the presumption in favor of open court proceedings. *Femedeer*, 227 F.3d at 1246. Exceptional circumstances exist when the case "involve[es] matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Luo*, 71 F.4th at 1296 (citing *Zavaras*, 139 F.3d at 803) (other internal quotation marks and citation omitted). *See also* *Femedeer,* 227 F.3d at 1246. The Court must weigh the Plaintiff's claimed right to privacy against the countervailing public interest in determining the motion to proceed

under a fictitious name. *Zavaras*, 139 F.3d at 803.

**B. Restricted Access to Court Filings**

Plaintiff has also filed three motions to restrict public access to her filings. (ECF Nos. 4, 5, 6) The Court's local rules of practice regarding motions to restrict public access provide: “Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.” D.C.COLO.LCivR 7.2(a). A party seeking to restrict access must make a multi-part showing: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access, such as redaction, summarization, stipulation, or partial restriction, are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4). There are three levels of restriction: “Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court.” D.C.COLO.LCivR 7.2(b).

Local rule of practice 7.2 recognizes that there is a presumptive right of public access to court filings and proceedings.

> “Courts have long recognized a common-law right of access to judicial records.” *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that presumption is not absolute and may be rebutted “if the public's right of access is outweighed by competing interests.” *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). To overcome the presumption in favor of public access, “the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our

> decision-making process." *Id*. (internal quotation marks and citation omitted). It is within the district court's discretion to determine whether a particular court document should be restricted. *Mann*, 477 F.3d at 1149.

*Doe v. Maloit*, No. 24-cv-02383-PAB, 2024 WL 5469949, at *2 (D. Colo. Nov. 14, 2024).

### C. Discussion

In support of her motion to proceed under a pseudonym, Plaintiff asserts that:

> this action involves highly sensitive, private medical and psychiatric information, including history of childhood sexual abuse, Military Sexual Trauma (MST) and rape, and ongoing medical and psychological crisis. Public disclosure of Plaintiff's true identity would cause severe psychological distress, catastrophic emotional trauma, and place Plaintiff's personal safety at risk.

(ECF No. 1 at 1). Plaintiff's statements are vague. She does not articulate a present threat of imminent danger which would outweigh the public's interest in disclosure of her identity. *See, e.g., Femedeer*, 227 F.3d at 1246 (denying plaintiff's request to proceed under a pseudonym because plaintiff failed to show a risk of "real, imminent personal danger" if she litigated the action using her real name). The Court finds that based on the present record, Plaintiff has not shown a real danger of physical harm sufficient to overcome the strong presumption of public access.

Moreover, this case does not appear to involve "matters of a highly sensitive and personal nature" that outweigh the presumption of openness. *Luo*, 71 F.4th at 1299. Nothing alleged in the Complaint that the Court can decipher suggests that Plaintiff will be required to "'divulge[ ] personal information of the utmost intimacy,' or 'admit that [she] either had violated state laws . . . or wished to engage in prohibited conduct.'" *Roe v. Colorado Jud. Dep't*, No. 25-1264, 2026 WL 1734700, at *2 (10th Cir. June 16, 2026) (quoting *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir. 1982)).

Although Plaintiff states that this action will involve "highly sensitive, private medical and psychiatric information, including history of childhood sexual abuse, Military Sexual Trauma (MST) and rape," it is unclear how such matters are necessary or germane to the claims in this case and, in any event, she fails to explain why alternatives to restricted access, such as redaction, summarization, stipulation, or partial restriction, are not adequate.[1] Additionally, Plaintiff is not suing the Defendants to prevent the disclosure of her identity. Thus, "the injury she is litigating against is not likely to be incurred because of the disclosure of her identity in this case." *See, e.g., Doe v. Maloit*, No. 24-cv-02383-PAB-KAS, 2025 WL 358134, at *4 (D. Colo. Jan. 31, 2025) (denying the plaintiff's request to proceed under a pseudonym). In sum, the Court finds that this action does not involve "exceptional circumstances" where the need for anonymity outweighs the presumption in favor of open court proceedings. Therefore, the motion to proceed under pseudonym will be denied. Plaintiff's amended pleading must comply with Federal Rule of Civil Procedure 10(a).

In two additional motions (ECF Nos. 4, 5) Plaintiff seeks a restricted access designation for a "contact information form" she states she submitted to the Court's intake clerk. However, she fails to specifically identify a document filed in this action to which she is referring.[2] She also filed a third motion to restrict (ECF No. 6), requesting that the Court "place this entire action" under a level 3 Restriction until Defendants have

---

[1] Plaintiff should refrain from filing any documents containing personal and sensitive information with the Court unless expressly directed to do so.

[2] To the extent Plaintiff is referring to the Civil Cover Sheet (ECF No. 1-1), that document contains no information which is properly subject to restriction in this action.

been served, after which, Plaintiff states, the restriction may be removed, so as not to "destroy[] the element of surprise," thus "mitigating the risk of localized retaliation or immediate electronic data manipulation." (ECF No. 6 at 3). Plaintiff has failed to make the required showings under D.C.COLO.LCivR 7.2(c). The Court finds that a restricted access designation is not appropriate for any of the documents filed in this action to date.

Accordingly, it is

ORDERED that Plaintiff file, within **thirty (30) days** from the date of this order, an amended Complaint that complies with all directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff may not alter the format of the court-approved Complaint form. The form must be completed in full, must be double-spaced, and must not exceed thirty pages in length. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 2) is DENIED. It is

FURTHER ORDERED that Plaintiff's motions to restrict public access (ECF Nos. 4, 5, 6) are DENIED. It is

FURTHER ORDERED that Plaintiff's Motion for Service of Process by the United States Marshals (ECF No. 7) and Motion for Appointment of Counsel (ECF No. 9) are DENIED as premature because this action is in initial review.

DATED October 29, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge